**HENSCHEL, Plaintiff-Appellee, v SCHREIBER, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County

No. 20352—Decided October 21, 1946

S. B. Fitzsimmons, Cleveland, for plaintiff-appellee.
Kuth, Myers & Bradley, Cleveland, for defendant-appellant.

## OPINION

By SKEEL, J.

This appeal comes to this court on questions of law from a judgment of the court of common pleas. The plaintiff appellee brought this action against the defendant appellant seeking damages because of alleged fraudulent misrepresentations of said defendant in the sale of defendant's rooming house to the plaintiff and also for damages claimed to have been sustained because of the removal of some of the property which was included in the sale.

The defendant was the owner of a large rooming house located at 1805 East 19th Street in the City of Cleveland. The plaintiff was directed to the defendant's rooming house through the offices of a broker. The defendant showed the plaintiff and his wife through the premises and after some negotiations which included procuring the consent of the landlord to the assignment of the lease to the plaintiff and the extension thereof of its effective date to five years, plaintiff agreed to purchase the rooming house for $9000.00. Two Thousand Dollars ($2000.00) was paid when the transaction was concluded and the balance of $7000.00 was to be paid in monthly installments of $300.00 each. In concluding the negotiations the defendant appellant made out a complete list of the furnishings in each room or suite which were set forth in the form of a bill of sale, and also represented to the plaintiff the income then being received from each room or suite. It is alleged that upon taking possession the plaintiff discovered that some of the furniture and linens had been removed by defendant and that the income was about twenty-five dollars a week less than she had represented it to be. Upon trial, the allegations of plaintiff's petition having been denied by answer, the jury returned a verdict for plaintiff in the sum of Twelve Hundred and Fifty Dollars ($1250.00).

It is the claim of defendant that the judgment of the trial court should be reversed and a new trial granted for the following reasons:

1. There was no competent evidence to support the verdict.

2. That the court committed prejudicial error in the general charge.

3. That the court erred in refusing to give a charge requested by defendant before argument.

The defendant alleged other errors but because they are not discussed in his brief we will consider that he has waived them.

The defendant's claim that the court erred in refusing his request for certain instructions before argument is not well taken. The record discloses that the requests that were made were not properly presented. No attempt was made to comply with the provisions of §11420-5 GC and for that reason the defendant's claim of error in that her request for instructions to the jury on questions of law before argument is overruled.

We will treat the defendant's first and second claims of error together. The court, as a part of its general charge on the subject of damages, instructed the jury as follows:

"You are instructed that the measure of damages for a sale induced by a seller's fraudulent representations is the difference between the actual value of the property at the time of the purchase and its value had it been as represented."

This is a correct statement of the measure of damages for a sale of personal property induced by fraudulent representations where the plaintiff waives the right to rescind the sale and brings action for damages.

In the case of **Linerode v Rasmussen, 63 Oh St 595**, page 546, the court says:

"Assuming that the plaintiff made the representations as asserted by the defendant and that it was not a mere puff or an expression of opinion, the true measure of damages would be the difference between the value of the farm as it was represented to be and what it was actually worth at the time of the purchase."

Also, in the case of **Molnar v Beriswell, et al, 122 Oh St 348**, first paragraph of the syllabus provides:

"The measure of damages resulting from a sale induced by a vendor's fraudulent misrepresentations, is the difference between the actual value of the property at the time of the purchase and its value had it been as represented."

In 19 O. Jur. pages 543-4, paragraph 272, the author in treating upon the subject of the measure of damages because of misrepresentations as to rent or income, says:

"The rule has been applied where the misrepresentation made concerned the occupancy of apartments in an apartment house which was sold or the amount of rents being paid by the tenants thereof. In such a case the measure is the difference between the value of the house when entirely occupied, the rental value represented and the actual rental value."

An examination of the record discloses that the plaintiff introduced evidence that the defendant represented that the income of the rooming house then being received from the roomers to be approximately twenty-five dollars per week more than what was actually being received. But there is no evidence as to what the value of the rooming house was under the conditions and circumstances actually existing as claimed by the plaintiff on the day of its transfer to him or of the value it would have had if it had been in all respects as represented. The jury, therefore, while it was properly instructed as to the measure of damages as to this part of the plaintiff's claim was without any evidence upon which to exercise its judgment in finding the amount of plaintiff's damages.

In 37 Corpus Juris Secundum, page 490, parag. 146, the author states the rule as follows:

"It is incumbent on plaintiff to show that he has suffered loss through the fraud or deceit of the defendant and to show the facts necessary for the proper and correct computation of the damages such as the value of the property on which the claim for damages is based."

The defendant's first and second claims of prejudicial error are well taken.

With regard to plaintiff's claim that some of the property purchased had been taken out at the time he was given possession, the things thus alleged to have been taken, and their value, was testified to by plaintiff. The total amount of these items would not exceed $300.00. Therefore, inasmuch as there was no evidence to establish the plaintiff's claim for damages because of fraudulent representation, as to income, a judgment for $1250.00 for the plaintiff cannot be sustained.

238

The judgment is therefore reversed and cause remanded for further proceedings according to law.

HURD J, MORGAN J, concur.